# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

   v.                                            **Case No. 15-CR-230**

**CEDRIC LACY**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Cedric Lacy with conspiracy to distribute controlled substances. The magistrate judge handling pre-trial proceedings in this case accepted defendant's waiver of counsel and allowed him to proceed pro se. Defendant filed a pro se motion to dismiss the indictment, arguing that his post-arrest statements to law enforcement were compelled, the government engaged in misconduct, and the lawyer who originally represented him provided ineffective assistance. The magistrate judge recommended the motion be denied. Defendant objects. My review is de novo. See Fed. R. Crim. P. 59(b).

As the magistrate judge explained, a defendant who wants to challenge statements obtained during custodial interrogation should file a motion to suppress, not a motion to dismiss, see Fed. R. Crim. P. 12(b); the Seventh Circuit has rejected dismissal as a remedy for "outrageous government misconduct," see, e.g., United States v. Smith, 792 F.3d 760, 765 (7th Cir. 2015);[1] and an ineffective assistance claim would be premature, as the court cannot at this point determine whether any alleged deficiency will prejudice the defense. See United

---

[1] The magistrate judge noted that, in any event, defendant failed to identify any improper tactics.

States v. Harris, 394 F.3d 543, 557 (7th Cir. 2005) (explaining that ineffective assistance claims are best brought by post-conviction motion). As the magistrate judge also explained, the only potential defect in the indictment defendant noted was that it was partially redacted and unsigned when he initially got it; however, after the indictment was unsealed, it was placed on the docket un-redacted and properly signed. The indictment is otherwise sufficient; it identifies the elements of the crime, fairly informs defendant of the charge so that he may prepare a defense, and enables defendant to evaluate any double jeopardy problems. See, e.g., United States v. Phillips, 645 F.3d 859, 861 (7th Cir. 2011).

In his objection, defendant argues that his post-arrest statements to law enforcement were coerced. As the case defendant cites makes clear, such a claim is raised by motion to suppress evidence. See United States v. James, 113 F.3d 721, 726 (7th Cir. 1997) ("James claims that his statements and his handwriting exemplars should have been suppressed at trial."). Defendant further argues that counsel failed to protect his rights or investigate the government's claims, but it is not possible at this point to determine whether any alleged deficiency will change the outcome of the case. See, e.g., Reeves v. United States, 255 F.3d 389, 393 (7th Cir. 2001) (holding that the defendant must "show prejudice, which means showing that but for his counsel's unprofessional errors, there is a reasonable probability that the result in his case would have been different").

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 88) is adopted, and defendant's motion to dismiss (R. 71) is denied.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge