# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                               **Case No. 15-CR-230**

**CEDRIC LACY**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Cedric Lacy and five others with conspiracy to distribute controlled substances. Defendant, proceeding pro se, moves to dismiss for lack of a speedy trial. For the reasons that follow, I deny the motion.

## I.

Under the Speedy Trial Act, trial is to commence within 70 days from the filing of the indictment or the appearance of the defendant, whichever occurs last. 18 U.S.C. § 3161(c)(1). Where, as here, there are multiple defendants, the clock does not begin running until the last defendant has appeared. United States v. Adams, 625 F.3d 371, 377 (7th Cir. 2010). The Act automatically excludes from the 70 days certain periods, such as delay resulting from pre-trial motions, 18 U.S.C. § 3161(h)(1), and it permits the court to exclude other periods of time based on the "ends of justice." 18 U.S.C. § 3161(h)(7). The court may base an ends of justice finding on, inter alia, the complexity of the case, 18 U.S.C. § 3161(h)(7)(B)(ii), or the need to provide the parties with the reasonable time necessary to effective preparation, 18 U.S.C. § 3161(h)(7)(B)(iv). Excludable delay as to one defendant may be ascribed to all defendants not severed. United States v. Baker, 40 F.3d 154, 159 (7th Cir. 1994).

The indictment in this case was filed on December 1, 2015 (R. 1), and defendant appeared for his arraignment on December 14, 2015. At that hearing, the magistrate judge declared the case complex under this district's rules. (R. 3.) Under Criminal Local Rule 12(a), the magistrate judge will on declaring a case complex set a pre-trial scheduling conference, at which the court may set deadlines for filing pre-trial motions, briefing, discovery and disclosure by all parties, hearings, trial, or any other dates that will further the ends of justice.

The last defendants appeared on January 15, 2016, starting the speedy trial clock, but the magistrate judge, having declared the case complex, made a speedy trial finding excluding time until the January 29, 2016, scheduling conference. (R. 32.) At the January 29, 2016 conference, the magistrate judge again made a speedy trial finding based on the complexity of the case, excluding time until March 3, 2016. (R. 41.) On March 3, 2016, the magistrate judge again made a speedy trial finding based on complexity and volume of discovery, excluding time until the next status on April 20, 2016.[1] (R. 56.) At the April 20, 2016 hearing, the parties discussed the status of discovery, and the magistrate judge set a motions deadline of July 25, 2016, excluding time until that date. (R. 65.) No one objected to any of these speedy trial findings, which excluded all of the time from the start of the clock until July 25, 2016.

On July 25, 2016, co-defendant Ames filed pre-trial motions (R. 69, 70), triggering an automatic exclusion under 18 U.S.C. § 3161(h)(1)(D). On July 28, 2016, defendant (to that point represented by counsel) filed a pro se motion to dismiss, also triggering an automatic exclusion. (R. 71.) On August 1, 2016, defendant's lawyer filed a motion to withdraw. (R. 73.)

---

[1] On March 31, 2016, defendant filed a motion for bail review (R. 62), which the magistrate judge denied on April 11, 2016 (R. 64).

The magistrate judge granted that motion, then held a hearing on August 16, 2016, to discuss the status of defendant's representation.[2] (R. 76.) On August 18, 2016, the magistrate judge issued an order finding that defendant could proceed pro se but also appointing stand-by counsel. After resolving these issues of representation, the magistrate judge further granted the government until September 16, 2016, to respond to defendant's pro se motion to dismiss and gave defendant until September 30, 2016, to file a reply.[3] (R. 78.) The government filed its response on September 16, 2016 (R. 85), and defendant filed his reply on September 26, 2016 (R. 86).[4] On September 30, 2016, the magistrate judge issued a recommendation that defendant's pro se motion to dismiss be denied.[5] (R. 88.) On October 13, 2016, defendant filed a timely objection to the magistrate judge's recommendation (R. 92),[6] and on October 19, 2016, defendant filed a motion to revoke the magistrate judge's detention order (R. 95). These

---

[2]On August 5, 2016, I set a status hearing for August 12, 2016, for the four defendants who had not filed pre-trial motions. (R. 74.) At the August 12, 2016 status, on the agreement of the parties, I continued the case to September 30, 2016, and made an ends of justice speedy trial finding. (R. 75.)

[3]On September 2, 2016, co-defendant Turner filed a pre-trial motion for a pre-plea criminal history investigation, which I granted on September 9, 2016. (R. 82.) On September 12, 2016, the magistrate judge held a hearing on defendant Ames's pre-trial motions (R. 83), and on September 14, 2016, he issued an order on those motions (R. 84). This ended the § 3161(h)(1)(D) and (H) exclusion based on Ames's motions, but by that time defendant's motion had started its own exclusion under those provisions, as discussed in the text.

[4]On September 28, 2016, defendant filed a pro se motion to re-open the detention hearing. (R. 87.) The magistrate judge denied that motion on October 11, 2016. (R. 91.)

[5]On that same date, I held a status for all defendants except defendant Lacy, continuing the case to November 16, 2016 on agreement, and making a speedy trial finding based on the ends of justice. (R. 89.)

[6]Because defendant had filed a dispositive motion, the magistrate judge could only make a recommendation. See Fed. R. Crim. P. 59(b). The magistrate judge's September 30, 2016, decision was not self-executing, so the motion remained pending.

filings continued the automatic exclusion under 18 U.S.C. § 3161(h)(1)(D) and (H). Further, at that point, defendant remained joined for trial with the other defendants, who were set for status on November 16, 2016. On October 26, 2016, I also set defendant's case for status on November 16, 2016. (R. 97.)

On November 8, 2016, I issued an order adopting the magistrate judge's recommendation and denying defendant's motion to dismiss. (R. 100) This ended the automatic exclusion based on defendant's motion to dismiss, but defendant's motion to revoke the detention order remained pending. Further, as noted, defendant continued to be joined with the other defendants, for whom the time for trial had not run. On November 16, 2016, I held a status for the other defendants, continuing the case to January 27, 2017 on agreement, and making a speedy trial finding. (R. 101.) I also held a status for defendant on November 16, denying his motion to re-open the detention hearing, setting his case for another status on December 14, 2016 to give him a chance to confer with his stand-by counsel, and making a speedy trial finding. (R. 102.) No one objected to this finding.

At the December 14, 2016 hearing, I urged defendant to accept counsel, and he agreed to consult with his stand-by lawyer. I set the case for status on December 19, 2016, to follow up on his decision. (R. 106.) I did not make a separate ends of justice finding at the December 14 hearing, but as indicated defendant remained joined for trial with the co-defendants set for January 27, 2017.

On December 19, 2016, defendant indicated that he wanted to proceed pro se, and I added him to the January 27, 2017, status so that appropriate trial or other dates could be set for all defendants. (R. 108.) Again, I did not make a separate ends of justice finding at this hearing, but defendant remained joined for trial with the co-defendants set for status on

4

January 27, 2017. (R. 113.)

On January 20, 2017, defendant filed the instant motion, triggering another automatic exclusion under § 3161(h)(1). On January 27, 2017, the court was advised that the other defendants were not in a trial posture. I accordingly set defendant alone for trial on April 17, 2017, and made a speedy trial finding based on the ends of justice and the need to afford the parties the reasonable time necessary for effective preparation. Defendant did not object to this finding or to the scheduled trial date.[7] I further granted the government until February 13, 2017, to file a response to defendant's speedy trial motion to dismiss. (R. 113.)

The government filed its response to defendant's motion to dismiss on February 13, 2017. (R. 118.) Defendant subsequently indicated that he had not received the government's response, so on March 15, 2017, I directed the clerk to send him a copy and extended the time for his reply brief to March 29, 2017. (R. 123.) On March 21, 2017, defendant filed his reply brief in support of the speedy trial motion to dismiss, as well as a motion to strike the government's response for lack of proper service. (R. 126, 127.)

As the above summary makes clear, virtually all of the time from the commencement of this case until the April 17, 2017 trial date is excludable. The clock started on January 15, 2016, with the appearance of the last defendants, and time was excluded by the magistrate judge up to July 25, 2016, based on the volume of discovery, the complexity of the case, and the need to afford counsel the reasonable time necessary to review and prepare pre-trial

---

[7]Defendant subsequently filed requests for documents in order to prepare for trial. (R. 114, 117.) The clerk sent various documents in response, and I forwarded additional documents on March 15, 2015. (See R. 123.)

5

motions.[8] Between July 25, 2016, and July 28, 2016, time was automatically excluded under 18 U.S.C. § 3161(h)(1) based on co-defendant Ames's pre-trial motions, and a further automatic exclusion under 18 U.S.C. § 3161(h)(1) applied from July 28, 2016, when defendant filed a pro se motion to dismiss, until November 8, 2016, when I denied the motion. Time was further excluded under § 3161(h)(1) from October 19, 2016, when defendant filed a motion to revoke the detention order, until November 16, 2016, when I denied that motion. I then excluded time from November 16, 2016, until December 14, 2016, based on the ends of justice and in order to give defendant a chance to consult with counsel. After defendant confirmed that he wished to proceed pro se, I added his case to the others set for status on January 27, 2017. To the extent that it could be argued time ran from December 14, 2016, until January 27, 2017, based on the absence of a specific ends of justice finding for this defendant, during that time he remained joined for trial with the co-defendants, for whom time had not run. See 18 U.S.C. § 3161(h)(6). I specifically excluded time from January 27, 2017, until the April 17, 2017 trial date, based on the ends of justice,[9] and to the extent that finding could be challenged, defendant's filing of the instant motion on January 20, 2017, started another automatic exclusion, which continues to the date of this decision. For all of these reasons,

---

[8]As defendant notes in reply, time afforded for filing pre-trial motions is not automatically excluded. See Bloate v. United States, 559 U.S. 196, 130 S. Ct. 1345 (2010). However, the magistrate judge made specific speedy trial findings in this case, as Bloate permits. Id. at 1357-58.

[9]This continuance was necessary to afford the parties the reasonable time necessary for effective preparation. Defendant's subsequent requests for documents in order to prepare for trial confirms that this continuance was needed. Moreover, defendant did not object to my finding excluding this time.

6

defendant's motion to dismiss under the Speedy Trial Act must be denied.[10]

**II.**

Defendant makes various other arguments for dismissal, but none has merit. Defendant contends that the indictment is defective, but review of the document reveals it was properly returned by the grand jury and signed by the acting United States Attorney.[11] The indictment was originally filed under seal, as the Rules permit, see Fed. R. Crim. P. 6(e)(4), but later unsealed.[12] Defendant complains that the docket contains no criminal complaint with attached affidavit, but this case began with the filing of an indictment, as the also Rules permit. See, e.g., United States v. Washington Water Power Co., 793 F.2d 1079, 1085 (9th Cir. 1986) (stating that "an indictment can be brought in lieu of filing a complaint"); United States v. McLain, 597 F. Supp. 2d 987, 992 (D. Minn. 2009) (rejecting the defendant's argument that the indictment was defective because no Fed. R. Crim. P. 3 complaint appeared on the docket). Defendant also complains that the magistrate judge did not sign the warrant in this case, but a warrant issued on an indictment is signed by the clerk. See Fed. R. Crim. P. 9. Defendant further complains of delay in presenting the case to the grand jury, but he fails to develop an argument for dismissal on this ground.

Defendant briefly mentions the Sixth Amendment speedy trial right, under which the

---

[10]As the government notes in its response, even if the clock ran from December 14, 2016, until January 20, 2017, less than 70 days elapsed.

[11]In reply, defendant contends that the indictment and arrest warrant are defective because they do not bear the official seal of the United States, but he cites no authority for dismissal on this basis.

[12]Defendant contends that the sealing of the indictment prejudices his defense, but as indicated in the text the indictment was unsealed after defendant appeared. Further, the clerk has mailed defendant a copy of the indictment. (R. 114.)

7

court considers the length of the delay, the reason for the delay, the defendant's assertion of his right to a speedy trial, and the prejudice to the defendant from the delay. See Doggett v. United States, 505 U.S. 647, 651 (1992). While the length of the delay in this case may be sufficient to trigger further inquiry, defendant develops no argument that his ability to mount a defense has been prejudiced, and as summarized above much of the delay is attributable to defendant's motions and issues with counsel. The case was promptly set for trial once it was determined that defendant alone remained in a trial posture.

**III.**

Defendant has also filed a motion to strike the government's response to his speedy trial motion based on lack of service. As indicated above, on March 15, 2017, I directed the clerk to send a copy of the response to defendant and extended the time for his reply. Because defendant has been furnished with the response and afforded additional time to reply, there is no prejudice. The motion to strike will be denied.

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss for lack of speedy trial (R. 112) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to strike (R. 126) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2017.

/s Lynn Adelman
LYNN ADELMAN
District Judge